

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 24, 1962

Affirmed by C-397

Honorable Byron L. McClellan
District Attorney
52nd Judicial District
Box 46
Gatesville, Texas

Opinion No. WW-1422

Re: Whether a retired district
judge, as defined by Sec-
tion 5a, Article 200a of
Vernon's Civil Statutes,
as amended, is entitled to
receive the per diem allow-
ance authorized in Section
2a (4) of said Article 200a.

Dear Mr. McClellan:

·You have asked for an opinion of this office regarding
the applicability to retired district judges of the per diem
allowance provided for in the 1961 amendment to the Administra-
tive Judicial Districts Act, Article 200a. Your request includes
a statement of facts of an actual case situation from which we
can assume the judge in question is properly within the juris-
diction of this Act.

·Section 2a (4) of Article 200a of Vernon's Civil
Statutes, is as follows:

"In addition to, and cumulative of, all
other compensation and expenses authorized
by law and this Act, judges who are required
to hold court outside their own districts
and out of their own counties under the pro-
visions of this Act, shall receive a per diem
of Twenty-five ($25.00) Dollars for each day,
or fraction thereof, which they spend outside
their said districts and counties in the per-
formance of their duties; such additional
compensation to be paid in the same manner
as their salaries are paid by the State upon
certificates of approval by the Chief Justice
or by the Presiding Judge of the Administrative
Judicial District in which they reside."

Two questions must be answered to determine the
intent of this Section: (1) Does the term "judges" as used
in Section 2a (4) comprehend both regular district judges and
retired district judges; and, if it does, (2) Where is the
retired district judge's district and county for the purpose

of determining when he is entitled to the per diem provided
in Section 2a (4)?

The first mention of "retired district judges" in
the entire Act appears in Section 5a, the first paragraph of
which is as follows:

"Sec. 5a. Both retired district judges,
as defined by Article 6228 (b) of the Revised
Civil Statutes of Texas, as amended, who have
consented to be subject to assignment, and all
regular district judges in this state may be
assigned under the provisions of this Act by
the presiding judge of the administrative judicial
district wherein such assigned judge resides.
When such district judge is so assigned by the
presiding judge of an administrative judicial
district to a court in the same administrative
district, or to a court in another administrative
district upon call of the presiding judge of
such other administrative district and then
reassigned as provided for in Section 6 of
this Act, as amended, it shall be the duty
of such judge so assigned or reassigned to
serve in such court or administrative dis-
trict to which he may be assigned, or re-
assigned unless for good cause presented by
him in writing to the presiding judge of his
administrative district, he shall be relieved
of such assignment by such presiding judge;
provided, however, after the presentation of
a written statement declining such duty for
good cause by such district judge if the presiding
judge refuses to relieve the district judge from
the assignment, the district judge may, within
five days after such refusal, petition the Chief
Justice of the Supreme Court of the State of
Texas to be relieved from such assignment for
good cause, which said Chief Justice may at his
discretion grant or refuse."

The barest sentence structure of the first sentence
of the section would be: "Both. . .may be assigned. . .by
the presiding judge of the. . .district wherein such assigned
judge resides. . . ." The second sentence begins: "When

such district judge is so assigned . . ." (Emphasis added).
Thereafter, the Section, and other portions of the Act use the
terms "judge," "judges," and "district judges" indiscriminately,
without further distinction--with only one exception. That
exception occurs in the second paragraph of Section 5a, and
only because it is necessary to set forth the method of deter-
mining the salary of the retired judge. It is clear that all
other references to "judges" in this Act include both retired
and regular district judges.

Application of one of the oldest fundamental rules of
statutory construction supports our conclusion. It is the
maxim noscitur a sociis, meaning it is known by its associates.
The principle, as stated in 39 Tex.Jur. p. 204, Sec. 109,
Ejusdem Generis--Noscitur a Sociis, is:

". . .the meaning of a doubtful word
may be ascertained by reference to the
words associated with it. . . ."

The per diem allowance to judges provided in Section
2a (4), quoted in full on page 1 hereof, was added to the Act
in 1961 without any amendment to the remainder thereof and with-
out any distinction or exception to those judges governed by the
Act who are retired judges. Moreover, we see no valid reason
why a retired judge, now actively performing the identical func-
tions of the regular judge, should not receive the same compensa-
tion.

There remains only to dispose of the second question.
Section 2a (4) authorizes the per diem allowance for each day,
or fraction thereof, which they spend "outside their said dis-
tricts and counties. . ." A retired judge has no official dis-
trict or county; however, having once determined that the intent
of the Act is to pay retired judges the per diem allowance, we
can and must supply this technical omission. Texas Jurisprudence
announces our authority for this as follows:

". . .Interpretation by implication is
permitted, out of the necessity of the case,
to supply an obvious intention not expressly
stated. When a statute commands or grants
anything, it impliedly authorizes whatever
is necessary for executing its commands or
whatever is indispensable to the enjoyment
or exercise of the grant. . . ." 39 Tex.
Jur. p. 186, Implications and Incidents-
in General, Sec. 99.

It is not necessary in this Act for the interpreter to use pure conjecture, for the answer is readily supplied in the first sentence of Section 5a, the pertinent parts thereof being:

> ". . .retired district judges. . .may be assigned. . .by the presiding district judge of the administrative judicial district wherein such assigned judge resides. . . ."

No violence is done to the Act by holding that the phrase "outside their own districts and out of their own counties" as used in Section 2a (4) is synonymous with the district and county wherein the retired judge resides for the purpose of determining when per diem is due.

### S U M M A R Y

> A retired district judge, as defined in Section 5a, of Article 200a, Vernon's Civil Statutes, who, under the provisions of said Article is required to hold court outside the district and out of the county wherein he resides, is entitled to the per diem allowance as provided in Section 2a (4) of said Article.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Scranton Jones
Assistant

SJ:zt:mkh

APPROVED:
OPINION COMMITTEE

Morgan Nesbitt, Chairman
Milton Richardson
Joe Trimble
Charles Lind

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore